November 20, 2009

Frank J. Martone, Esquire
Frank J. Martone, P.C.
1455 Broad Street
Bloomfield, New Jersey 07003

Eric L. Leinbach, Esquire
1603 Butler Street
Easton, Pennsylvania 18042

                Re:     Daniel and Janet Hartman
                        Case No. 09-20901
                        Motion for Reconsideration (Document Number 28)
                        Hearing Date: October 14, 2009

Counselors:

On October 14, 2009, the Court heard oral argument on a motion by Home Loan Investment Bank FSB ("Home Loan") to reconsider an order expunging its proof of claim. After oral argument, the Court reserved decision to consider papers that had been filed late by Home Loan. For the reasons stated below, that motion is denied.

## Background

Home Loan filed a proof of claim in this case in the amount of $24,309.62. On July 21, 2009, the Debtors filed a motion objecting to that proof of claim. The motion was originally returnable on August 26, 2009, and was then adjourned until September 9, 2009. Home Loan did

not file a response to the motion and the motion was granted at the September 9th hearing, at which counsel for Home Loan did not appear. An order disallowing Home Loan's claim in its entirety was entered on September 10, 2009. On September 16, Home Loan timely filed this motion to reconsider that order.

## Discussion

A motion for reconsideration under Local Rule 9013-1(h) and Fed. R. Civ. P. 59(e) "must rely on one of three major grounds: 1) an intervening change in controlling law; 2) the availability of new evidence [not available previously]; or 3) the need to correct clear error or prevent manifest injustice." North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194 (3d Cir. 1995). Overall, motions for reconsideration under Rule 59(e) and LBR 9013-1(h) should be granted sparingly. Chicosky v. Presbyterian Med. Center, 979 F. Supp. 316 (D.N.J. 1997). Nonetheless, "the court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error." Klee v. Lehigh Valley Hospital, 1998 WL 966011 (E.D. Pa. Nov. 30, 1998), *aff'd*, 203 F.3d 817 (3d Cir. 1994).

At oral argument, Debtors' counsel argued that this motion does not meet the above standards because none of the facts presented are new evidence. That is correct; however, Home Loan does not seek reconsideration on the basis of newly discovered evidence, but rather on the basis of manifest injustice. Home Loan's counsel certified that he had tried to obtain consent for an adjournment from Debtors' counsel prior to the hearing, but they were unable to connect. Home Loan sent coverage counsel to the hearing but that attorney was unable to stay until the afternoon list in order to request an adjournment from the court. The Court notes that no call was made to chambers prior to the hearing date to attempt to obtain an adjournment. The stated reason an

adjournment was sought was that Home Loan's counsel was unable to submit opposition to the motion because his client had not yet been able to supply him with the information regarding the advances it made for the Debtors' property. For that reason, Home Loan maintains that it would be manifestly unjust for the Court not to hear its defense now that it has a breakdown of the advances.

That argument presumes it was reasonable for Home Loan to have been unable to produce that information before the September 9th hearing date. As previously noted, the Debtors' motion to reduce Home Loan's proof of claim was filed on July 21, 2009. Therefore, Home Loan had 50 days in which to obtain the information to substantiate its proof of claim. The Proof of Claim itself was filed on May 13, 2009. It must be presumed that the information was available at that time in order to provide the basis for the figures used in the Proof of Claim. So, the Court is at a loss to understand how information that necessarily must have been available in May was so hard to come by in September. Accordingly, the Court cannot find that it would be manifestly unjust to deny this motion to reconsider.

Even if the Court were to reconsider, the burden of proof in a claims matter does not favor Home Loan. The Bankruptcy Rules provide that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *Fed. R. Bankr. P*. 3001(f). The Bankruptcy Code itself does not dictate what constitutes a properly filed proof of claim; rather, the Federal Rules of Bankruptcy Procedure provide that procedural framework. Bankruptcy Rule 3001(a) requires that a proof of claim be a written statement that conforms substantially with "the appropriate Official Form," which is Official Form 10. Official Form 10 instructs the claimant to "attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments,

mortgages, security agreements, and evidence of perfection of liens." Official Form 10 at ¶ 9. The creditor is required to explain any failure to attach documents based on a lack of availability. In addition, if the required documents are too voluminous, the creditor may attach a summary.

The Proof of Claim at issue here contained a one page "Computation of Claim" attachment that provided as follows:

> ARREARAGE COMPUTATION:
>
> TAXES..................................................................................................$23,576.48
>
> FORCED PLACE INSURANCE................................................................$433.14
>
> BANKRUPTCY FEES/COSTS..................................................................$300.00
>
> GRAND TOTAL ARREARS................................................................$24,309.62

No supporting documentation was attached to the Proof of Claim to justify how Home Loan arrived at these arrearage figures. Without supporting documentation, or an explanation for its absence, Home Loan's proof of claim does not meet the standards of Official Form 10 and Rule 3011(f).

Even if the Court were to take a generous view of Home Loan's attachment to its Proof of Claim and consider it to be a summary, it is still deficient. It is missing key information such as the time periods for which payment of taxes and insurance are claimed. Therefore, the Proof of Claim fails to fulfill one of the primary purposes of the documentary requirement which is to enable the debtor or trustee to evaluate the claim's amount and validity and to challenge portions of the claim that may be inaccurate. In re Burkett, 329 B.R. 820, 827 (Bankr. S.D. Ohio 2005).

Another significant deficiency in Home Loan's Proof of Claim is that it does not attach the Note. Official Form 10 instructs the claimant to "attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts,

court judgments, mortgages, security agreements, and evidence of perfection of liens." Official Form 10 at ¶ 9. This Proof of Claim attaches the first page of the mortgage, first page of a Deed (from Jean Attinello to the Hartmans), an Adjustable Rate Loan Rider, two additional pages (belonging to an unidentified document), and the signature page of the mortgage. It also attaches three assignments of the mortgage. The failure to include a copy of a Note signed by the Hartmans was not remedied in this motion. The Certification of Kevin Murphy filed October 13, 2009, includes as Exhibit H another copy of the above mentioned documents.

There are courts that find that when a proof of claim is deficient that the claim may be disallowed. *See, e.g.,* In re Kirkland, 572 F.3d 838 (10th Cir. 2009) (found bankruptcy court was justified in disallowing proof of claim when it did not contain supporting documentation); In re Henry, 311 B.R. 813 (Bankr. W.D. Wash. 2004) (court found that an appropriate remedy for failing to comply with Rule 3001(c) initially, or to provide documentation after an objection was raised, was to disallow the claim). The majority position is that failure to attach documents required by Rule 3001 and Official Form 10 is not, by itself, a basis for disallowance of a claim. The rationale is that the failure to attach an appropriate writing to a proof of claim in accordance with Bankruptcy Rule 3001(c) is not included in the list of reasons for disallowance of a claim in § 502(b) of the Bankruptcy Code. *See, e.g.,* In re Health, 331 B.R. 424, 426 (9th Cir. B.A.P. 2005); In re Cluff, 313 B.R. 323, 331 (Bankr. D. Utah 2004). Since bankruptcy courts are bound by the plain meaning of the Bankruptcy Code, there is no discretion to disallow a claim for any reason other than those stated in § 502. For those courts, in cases where the creditor has not met the standards of Bankruptcy Rule 3001 and Official Form 10, the claim is not automatically disallowed; rather, it is deprived of the prima facie validity which it could otherwise have obtained. In re Cluff, 313 B.R. at 331

("Bankruptcy Rule 3001 does not provide substantive grounds for disallowance; it merely determines which party has the burden of proof."). This Court agrees with the majority position. Accordingly, Home Loan would have the initial burden of proof to establish its claim. The shifting burden of proof in a claims motion was recently summarized by the District Court:

> The Third Circuit recognizes that "the burden of proof for claims brought in the Bankruptcy Court under 11 U.S.C. § 502(a) rests on different parties at different times." In re Allegheny Int'l Inc., 954 F.2d 167, 173 (3d Cir.1992). The claimant bears the initial burden of sufficiently alleging the claim and establishing facts to support a legal liability. Id. The burden is then on the objector to negate the prima facie validity of the claim by producing evidence that is at least equal in force to the claim. Id. The objector may do so by refuting at least one of the allegations essential to the claim's legal sufficiency. Id. at 174. "[T]he burden then reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." Id.

In re Chiro Plus, Inc., 339 B.R. 111, 113 (D.N.J. 2006).

The breakdown of the advances in Home Loan's proof of claim were initially provided in a certification of Frank Martone, Esq. That certification is of no evidentiary value because Mr. Martone does not have personal knowledge of the facts. It was not until the day before the hearing on the motion to reconsider that Home Loan submitted the certification of Kevin Murphy, a Vice President of Home Loan, to attest to the facts previously certified to by counsel. That submission still does not adequately address the Debtors' primary contention that nothing in the Proof of Claim can be taken at face value because the interest rate that was charged during the life of the loan was incorrect because it was higher than the prime rate. It was not until oral argument that Home Loan's counsel finally addressed that contention and asserted that the prime rate was immaterial here because the Note provided that the interest rate could never be lower than the 8.49% initial interest rate. Without the Court being able to see that provision in the Note, Home Loan obviously cannot sustain its initial burden of proving the validity of its claim. Additionally, the Adjustable Rate Loan

Rider that was provided to the Court directly contradicts that contention. In several places the Rider provides that the amount of the payments could go up or down based on increases or decreases in the interest rate. There is no mention of a floor for the interest rate in the Rider. The Rider states: "The Note has an "Initial Interest Rate" of 8.49%. The Note interest rate may be increased or decreased on the 21st day of the month beginning on May 21, 1995 ...." If the interest rate could never go below the initial interest rate of 8.49% as Home Loan contends, then stating that the interest rate can go lower is at best unclear and misleading and at worst fraud. Since the issue of the proper interest rate affects the very foundation of Home Loan's claim (even though they are not directly seeking repayment of principle), the Court finds that Home Loan has not sustained its burden of proof. So even if the Court were to find reconsideration appropriate, it would not vacate its prior order. The Court will enter the standard order denying the motion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge